**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **SCOTT ELLIS,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HONORABLE ANTHONY R. NESI, ET AL.,**<br><br>**Defendants.** | ) | **Civil Action No. 16-10855-DJC** |

**MEMORANDUM AND ORDER**

**CASPER, J.** June 6, 2016

For the reasons set forth below, plaintiff's motion for leave to proceed *in forma pauperis* [D. 2] is GRANTED, his motion for appointment of counsel [D. 3] is DENIED, his *ex parte* motion for temporary orders [D.4] is DENIED and this action is DISMISSED in its entirety. Additionally, the Court CERTIFIES that any appeal would not be taken in good faith.

## I. Introduction

On May 10, 2016, plaintiff Scott Ellis ("Ellis"), a resident of Swansea, Massachusetts, filed a self-prepared complaint along with a motion for leave to proceed *in forma pauperis*, a motion for appointment of counsel and a motion for temporary orders requesting that Court order a stay of his child support case pending in the Bristol County Probate and Family Court in Taunton, Massachusetts. The matter stems from Ellis's dissatisfaction with various rulings and orders issued by state court judges Hon. Anthony R. Nesi, of the Bristol County Probate and Family

Court, Fernando R.V. Duffly, Associate Justice of the Massachusetts Supreme Judicial Court ("SJC") and Ralph D. Gants, the Chief Justice of the SJC. Ellis contends his due process rights have been violated several times because of their actions or inactions.

Specifically, Ellis alleges that Judge Nesi is the fourth judge to handle his child support case. His predecessor, Judge Elizabeth O'Neill LaStaiti, denied a motion for modification of child support but then removed herself from the case. Ellis contends she gave no reason for her ruling and left open a motion for clarification regarding her ruling. Ellis next contends that Judge Nesi knew nothing about the case, yet sided with the attorney for the mother of the child. He ordered that the child support order already in place continue notwithstanding Ellis's challenge to it. Further, Judge Nesi refused to recuse himself and held a hearing with respect to the support, custody and visitation issues, including the nonpayment of child support. Ellis alleges that Judge Nesi would not allow him to introduce evidence of his paystubs showing that he was working. He claims that as a result, he served thirty days in the house of correction, which, in turn, resulted in the loss of his job and his rented room, rendering him homeless. Additionally, Ellis claims that Judge Nesi continues to violate his right to a fair trial by not addressing motions properly or entirely and by not understanding what Ellis was arguing.

On May 2, 2016, Judge Nesi ordered Ellis to be placed on home confinement with an electronic monitor. He contends that Judge Nesi is forcing him to get a job notwithstanding that he is disabled from a work-related back injury and currently undergoing medical treatment.

Finally, Ellis alleges that he asked the SJC to take superintendence of his child support case and the matter was assigned to a single justice, Associate SJC Justice Duffly, who denied Ellis's motion for superintendence and motion to reconsider. Ellis alleges that he believes that Justice

Duffly had contact with Judge Nesi.

As relief, Ellis requests a Temporary Restraining Order be issued to the Massachusetts Department of Revenue, Child Support Enforcement Division directing that agency to stop taking actions against him and to stop adding penalties and fees for nonpayment of child support. He also seeks an order that the current child support balance owed be vacated. Further, he asks this Court to order that new child support, custody and visitation matters be handled by the Chief Justice of the Family and Probate Courts. Finally, he seeks $8 million for the years of alienation from his child due to the defendants' actions, although he advised the courtroom deputy clerk subsequently that he wished to increase his damages claim.

## II. Discussion

### A. The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Ellis's financial affidavit, this Court finds he lacks sufficient funds to pay the filing and administrative fees of the Court. Accordingly, his motion for leave to proceed *in forma pauperis* D. 2 is GRANTED.

### B. Screening of the Complaint

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. This statute authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

Further, in addition to the statutory screening requirements under Section 1915, this Court

has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3); see also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988).

In conducting this preliminary review, this Court construes the complaint liberally because Ellis is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Even under a broad reading, however, this action shall be dismissed for the reasons set forth below.

**C. Prior Litigation in this Court Regarding Child Support Challenges**

Notably, this action is not Ellis's first lawsuit in this Court challenging matters arising in the state probate and family courts, nor is it his first case against Judge Nesi (and complaining of actions by Judge LaStaiti). In 2010, Ellis filed a civil rights lawsuit against Judge Nesi and other state court judges, including: (1) Hon. Margaret H. Marshall, then Chief Justice of the SJC; (2) Hon. Judith A. Cowin, Associate Justice of the SJC; (3) Hon. Paula M. Carey, Chief Justice of the Probate & Family Court; (4) Hon. Elizabeth O'Neil LaStaiti, First Justice of the Bristol County Probate & Family Court; (5); and (6) Hon. Christina L. Harms, Justice of the Norfolk County Probate & Family Court. See Ellis v. Marshall, et al., Civil Action No. 10-11690-NG, appeal dismissed No. 10-2344 (1st Cir. 2011) (Mandate [D. 9] (dismissed for failure to pay the appellate fees)). In that action, Ellis alleged intentional violations by the judges of the trial and probate courts regarding domestic disputes and child custody, visitation and support determinations. As in the instant action, he asserted that he has been denied due process in the state courts.

On October 21, 2010, the Court (Gertner, J), dismissed the action *sua sponte*, warning Ellis he could be subject to sanctions should he continue to assert claims against state court judges arising out of any pending or closed state court litigation. The Court discussed in detail that,

notwithstanding Ellis's assertion of errors by the judges in their rulings in his various state cases, absolute judicial immunity barred Ellis's claims against state judges, concluding that Ellis's allegations against trial and probate court judges and supervisory and appellate judges did not assert actions or inactions that would take these judges outside the scope of their jurisdiction or constitute extra-judicial activity not covered by the absolute judicial immunity doctrine. Memorandum and Order [D. 4 at 8-10, citing, *inter alia* Mireless v. Waco, 502 U.S. 9, 11 (*per curiam*), Pierson v. Ray, 386 U.S. 547, 553-54 (1967) and Forrester v. White, 484 U.S. 219, 226-27 (1988)]. The Court advised Ellis that this Court previously has considered that willful ignorance of the doctrine of absolute judicial immunity can constitute vexatious and frivolous conduct. Memorandum and Order [D. 4 at 10, citing Fennick v. Staco, et al., Civil Action No. 07-11096-MLW (Memorandum and Order [D. 10 at 7])).

As an additional matter, the Court noted that Ellis failed to state a cognizable civil rights claim because he failed to demonstrate that he had an inadequate state remedy to redress his grievances, since he had not shown that he did not have or will not have an adequate state court remedy to contest adverse rulings in the normal course.

Next, the Court noted that this Court lacked mandamus jurisdiction to compel a state official to perform a duty owed to him. Thus, this Court had no jurisdiction to review state judicial proceedings or interfere with state court custody proceedings. Memorandum and Order [D. 4 at 12].

Further, the Court noted that the Court would abstain from interfering with Ellis's state cases that involved child custody, visitation, or support issues, based on application of the domestic relations exception to jurisdiction. The Court discussed the reasoning for this exception,

including that the federal courts should not interfere with domestic disputes and because the state courts have developed the proficiency and specialized resources necessary to address these cases. Id. at 15, citing Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992), Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003) and Sutter v. Pitts, 639 F.2d 842, 843 (1st Cir. 1981). Moreover, the Court noted that even if the domestic relations exception did not strictly apply, "the presence of family-related matters in these cases argues strongly for the propriety of total abstention." Memorandum and Order [D.4 at 16] citing Mojica v. Nogueras-Cartagena, 573 F. Supp. 2d 520, 523 (D.P.R. 2008).

Finally, the Court certified that any appeal by Ellis of her rulings would not be taken in good faith.

**D. Failure to State Plausible Claims and Lack of Jurisdiction in This Action**

The same legal impediments in Ellis's 2010 civil action are present in the instant action. In short, Ellis cannot state plausible claims against state court judges based on their rulings, orders, or inactions concerning child support issues in the state court litigation, nor can this Court issue any orders interfering with child support determinations. Therefore, for the same reasons set forth in the prior Memorandum and Order, and for the reasons set forth herein, this action is DISMISSED *sua sponte.*

**E. The Motion to Appoint Counsel and the Motion for Temporary Orders**

In view of the dismissal of this action, Ellis's motion to appoint counsel [D. 3] is DENIED as moot. Further, Ellis's motion for temporary orders [D. 4] is DENIED as unfounded.

**F. Certification That Any Appeal Would Not Be Taken in Good Faith**

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the Court finds, and

hereby CERTIFIES, that any appeal by Ellis of the matters contained in this Memorandum and Order would not be taken in good faith. Such a certification prohibits *in forma pauperis* status on appeal even though Ellis has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3), "a party who has been permitted to proceed in forma pauperis in the district-court . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith . . . . " Id. "The applicant's good faith is established by the presentation of any issue that is not plainly frivolous." Ellis v. United States, 356 U.S. 674 (1958) (*per curiam*); see Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000). A complaint is "frivolous" if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Such is the case here, particularly where Ellis was previously advised of the absolute judicial immunity doctrine and the domestic relations exception as bars to his request for judicial review and for orders with respect to child support matters in state court. Thus, for the reasons stated in this Memorandum and Order, this Court finds that any appeal of the dismissal of this action would be one that plainly does not deserve additional judicial attention.

Should Ellis seek to appeal the dismissal of this action, he must pay the appellate filing and docketing fees, or he must seek leave to proceed *in forma pauperis* directly from the United States Court of Appeals for the First Circuit.

## III. Conclusion and Order

Based on the foregoing, it is hereby Ordered that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [D.2] is ALLOWED;

2. Plaintiff's motion to appoint counsel [D.3] is DENIED;

3. Plaintiff's motion for temporary orders [D.4] is DENIED;

4. This action is DISMISSED *sua sponte* in its entirety; and

5. The Court CERTIFIES that any appeal of the matters contained in this Memorandum and Order would not be taken in good faith.

**So ordered.**

/s/ Denise J. Casper
United States District Judge